IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD REID,<br>    Plaintiff,<br><br>v.<br><br>DRIFTWOOD HOSPITALITY<br>MANAGEMENT II, LLC,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:20-CV-2581 |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC and files this Notice of Removal under 28 U.S.C. § 1446(a) and 28 U.S.C § 1332(a)(1):

**A. <u>INTRODUCTION</u>**

1. Defendant DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC (hereinafter "Driftwood") is a Defendant in an action filed in the 162nd District Court, Dallas County, State of Texas, Cause Number DC-20-05214, entitled *Richard Reid v. Driftwood Hospitality Management II, LLC*. Plaintiff's Original Petition and Request for Disclosure was filed in the state court on April 3, 2020, and named only the single Defendant Driftwood. The suit makes state law negligence and gross negligence claims and seeks damages for personal injuries allegedly sustained in an incident on Driftwood's premises in Dallas County, Texas. See, Exhibit C-1. Plaintiff served Defendant his Summons and Petition, through Defendant's Registered Agent on July 30, 2020, as reflected in the Citation with attached Affidavit of Service on file with the 162nd District Court in Dallas County. See Exhibit C-4 attached hereto. Therefore, July 30, 2020 is the earliest date from which the thirty (30) day window for removal began to run. 28 U.S.C. § 1446(b); see, e.g., *Tucci v. Hartford Fin. Servs. Grp.*, 600 F.Supp.2d 630, 632-33 (D.N.J.2009) (30-day period begins to run when Defendant actually receives summons and complaint; period does not run from service on Defendant's

statutory agent). As such, Defendant files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b). *Bd. Of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

2. The Original Petition sets forth the amount in controversy as "more than $200,000 but less than $1,000,000.00." See, Exhibit C-1, paragraph 5.

3. As will be identified below, the United States District Court has original jurisdiction of this matter pursuant to the Court's "diversity jurisdiction." This Notice of Removal is filed within 30 days of receipt by Driftwood of the Original Petition, from which it could first be ascertained that the case is or has become removable; and, because the jurisdiction is conferred by 28 U.S.C. § 1332, this Notice of Removal is filed less than one year after the commencement of the action in state court.

## B. BASIS FOR REMOVAL

4. The district courts of the United States have original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

    Plaintiff is a citizen of the State of Texas.

    Defendant Driftwood is a corporation incorporated in the State of Delaware, having its principal place of business in Palm Beach County, Florida. Driftwood, therefore, is a citizen of the State of Florida.

    Accordingly, there is complete diversity of citizenship between all parties plaintiff and all parties defendant; and, as first identified in the Original Petition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Because diversity jurisdiction exists, this case is removable pursuant to 28 U.S.C. § 1441.

## C. PROCEDURAL REQUIREMENTS

6. Pursuant to 28 U.S.C § 1446(a) and Local Rule 81.1(a)(4), copies of all pleadings, process, orders, and other filings in the state-court suit are attached hereto:

    Exhibit A: Index of all documents filed in the State Court Case;

    Exhibit B: A copy of the Docket Sheet in the State Court Case; and

    Exhibit C: Each document filed in the State Court Case, except discovery material.

7. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332.

8. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district..

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of the 162nd District Court of Dallas County, Texas promptly after the filing of this Notice.

## D. DEFENDANT'S PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Driftwood, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 162nd District Court of Dallas County, Texas to the U.S. District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ Michael C. Lawrence
MICHAEL C. LAWRENCE
SBN: 00784453
Law Offices of Gallerson & Yates
8070 Park Lane, Suite 200
Dallas, TX 75231
TEL: 469-242-8953
FAX: 855-614-6695
irvinglegalmail@libertymutual.com
michael0949.lawrence@libertymutual.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 28th day of August 2020 upon the following counsel of record:

T. Craig Sheils
**Email: craig@sheilswinnubst.com**
Lattice E. Andrews
**Email: latrice@sheilswinnubst.com**
Kimberly A. Quirk
**Email: kimberly@sheilswinnubst.com**
Sheils Winnubst, PC
1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
*Attorneys for the Plaintiff*

/s/ Michael C. Lawrence
MICHAEL C. LAWRENCE